Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorneys for Plaintiff*

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
Phone: (202) 305-0486
Fax:  (202) 305-0506
krystal-rose.perez@usdoj.gov

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### MEDFORD DIVISION

| | | |
|---|---|---|
| **KLAMATH FOREST ALLIANCE,** | ) | Case No. 1:21-cv-00781-CL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SETTLEMENT AGREEMENT** |
| | ) | **AND STIPULATION OF** |
| **SCOTT J. BLOWER**, in his official | ) | **DISMISSAL** |
| capacity as Wild Rivers District Ranger; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This Settlement Agreement and Stipulation of Dismissal ("Settlement Agreement" or

"Agreement") is entered into by and between Plaintiff Klamath Forest Alliance and Defendants Scott J. Blower, in his official capacity as Wild Rivers District Ranger; Merv George Jr., in his official capacity as Rogue River-Siskiyou National Forest Supervisor; and the United States Forest Service.  By and through undersigned counsel, the parties state as follows:

WHEREAS, the Forest Service issued a Decision Memo authorizing the Slater Fire Safe Re-entry Project on the Rogue River-Siskiyou National Forest on April 9, 2021.  The Project provides for the felling of danger trees affected by the 2020 Slater Fire located along approximately 146 miles of identified travel corridors;

WHEREAS, Plaintiff filed this action on May 21, 2021, and amended its complaint on July 30, 2021, alleging that approval of the Project violated the National Environmental Policy Act (NEPA), the National Forest Management Act (NFMA) and the Endangered Species Act (ESA), ECF No. 1; ECF No. 18 ¶¶ 1, 122-47, and requesting, among other relief, vacatur and remand of the Decision Memo to the Forest Service for further consideration and an award of reasonable attorneys' fees, *id.* ¶¶ E, G (Prayers for Relief);

WHEREAS, Defendants dispute Plaintiff's allegations and deny that Plaintiff is entitled to the requested relief;

WHEREAS, the parties entered into settlement negotiations to attempt to achieve a resolution that would avoid further litigation of this case;

WHEREAS, the parties sought and obtained a stay of proceedings in this matter before Defendants responded to Plaintiff's First Amended Complaint, ECF Nos. 20, 21;

WHEREAS, the parties, through their authorized representatives, have reached an agreement that they consider to be a fair and adequate resolution of the disputes set forth in Plaintiff's First Amended Complaint, including Plaintiff's claim for attorneys' fees and costs:

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL - 1

NOW, THEREFORE, it is stipulated by and between the parties as follows:

1.      The Forest Service will not proceed with implementing the Slater Fire Safe Re-entry Project except as described in Paragraphs 2 and 3 of this Agreement.

2.      The Forest Service may proceed with operations under the 48 Road DTS DxP Re-Offer Timber Sale, which implements treatments along approximately 10 miles of roads, as authorized under the Project.  On August 12, 2021, the Forest Service awarded the contract to Mineral Creek, LLC, and operations have begun.

3.      The 4812 Road DTS DxP Timber Sale, which implements treatments along approximately 18 miles of roads, as authorized under the Project, may proceed upon the filing of this agreement[1] under the following conditions:

   a.  Dead trees (100% mortality) may be felled and removed in accordance with Forest Plan standards and the Forest Service's operative hazard tree identification criteria contained in the danger tree field guidance referenced in the Decision Memo;

   b.  Trees, both dead and live, with failure indicators that have imminent failure potential rating may be felled and removed in accordance with Forest Plan standards and the Forest Service's operative hazard tree identification criteria contained in the danger tree field guidance referenced in the Decision Memo;

   c.  Live trees with no failure indicators that have more than 90% crown scorch and more than 90% predicted probability of mortality may be felled

---

[1] This agreement supersedes the Forest Service's previous commitment "not to advertise the next timber sale for this Project until November 15, 2021" and "provide Plaintiff 30 days' notice before commencing ground-disturbing activities related to the next timber sale."  ECF No. 11.

and removed in accordance with Forest Plan standards and the Forest

Service's operative hazard tree identification criteria contained in the

danger tree field guidance referenced in the Decision Memo;

d.  Any trees that must be felled for operational or safety reasons and that do

not meet the conditions set forth in (a)-(c) of this paragraph, shall not be

removed; and

e.  No other trees will be felled and removed under the 4812 Road DTS DxP

Timber Sale.

4.      Nothing in this Agreement prohibits Defendants from undertaking new projects or

agency actions within the original Project Area.

5.      Nothing in this Agreement prohibits Plaintiff from filing future lawsuits against

Defendants to challenge any future final agency action undertaken by Defendants.

6.      Subject to Paragraph 7 below, the parties agree to settle Plaintiff's claim to

attorneys' fees and costs in this litigation for a total payment of $37,000.00, pursuant to the

Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.*, and the ESA, 16 U.S.C. §§ 1531-1544, in

full and complete satisfaction of any and all claims, demands, rights, and causes of action

Plaintiff may have for the recovery of attorneys' fees or litigation costs in this matter.  Provided,

however, that Plaintiff is not barred by this or any other provision of this Agreement from

seeking attorneys' fees and costs incurred to enforce the terms of this Agreement, subject to all

available defenses.

7.      Defendants' payment, as identified in Paragraph 6 above, shall be accomplished

by electronic funds transfer to Crag Law Center's IOLTA account on behalf of Plaintiff.

Counsel for Plaintiff will provide counsel for Defendants the appropriate account number and

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL - 3

other information needed to facilitate payment.  Defendants shall submit the necessary
paperwork for the payment within 30 days after issuance of the Order described in Paragraph 10
below and after Plaintiff provides the information necessary to facilitate payment, whichever is
later. Counsel for Defendants agrees to assist counsel for Plaintiff in following up with the
appropriate office(s) if payment is not received within thirty (30) calendar days after the
paperwork for processing of the payment has been submitted.

8.      Crag Law Center acknowledges that it is receiving payment on behalf of Plaintiff
and that Crag Law Center will distribute the appropriate settlement proceeds to Plaintiff.
Plaintiff agrees to this procedure.  Counsel for Plaintiff shall confirm payment within 10 days of
receipt.  Plaintiff also acknowledges that under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d);
31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award
of attorneys' fees and costs Plaintiff's delinquent debts to the United States, if any.  *See Astrue v.
Ratliff*, 560 U.S. 586 (2010).

9.      Once Plaintiff has received payment under Paragraph 7 above, Plaintiff and its
attorneys agree to hold harmless Defendants in any litigation, further suit, or claim arising from
the payment of the agreed upon $37,000.00 settlement amount.

10.     The parties stipulate and agree, and hereby request, that the Court enter the
accompanying proposed order approving this Settlement Agreement, retaining jurisdiction to
enforce the Agreement, and dismissing this action with prejudice pursuant to Federal Rule of
Civil Procedure 41(a)(2).

11.     The terms of this Agreement shall become effective upon entry of an Order by the
Court approving this Agreement.  The Court will retain jurisdiction over this matter solely to
oversee compliance with the terms of this Settlement Agreement.  *See Kokkonen v. Guardian*

*Life Ins. Co.,* 511 U.S. 375 (1994).  Any dispute over compliance with any provision of this Settlement Agreement shall proceed as set forth in Paragraph 12.

12.    In the event that any party believes another party to be in breach of this Agreement, such party must give notice to the other party at the earliest possible date.  Notice from Plaintiff should be provided to the U.S. Forest Service and to undersigned counsel for Defendants.  No party shall seek action by this Court or any other court regarding the alleged breach until after 14 days have passed since providing notice, during which time the parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  The parties agree that neither will seek contempt of court as a remedy for any violation of this Settlement Agreement, and the parties therefore knowingly waive any right that they might have to seek an order for contempt for any such violation.

13.    This Agreement constitutes the complete and final resolution of all legal, equitable, and administrative claims arising out of the approval of the Project.  In acknowledgement of and in exchange for the promises and other consideration contained in this Agreement and the payment by Defendants to Plaintiff referenced in Paragraphs 6 and 9 above, Plaintiff and its respective affiliates, successors, and assigns hereby unconditionally and irrevocably release, waive, covenant not to sue, and forever discharge Defendants (including its past, present, and future officers, agents, and affiliates) from any and all claims, causes of action, allegations, demands, suits, judgments, liabilities, fees, interests, or obligations, whether known or unknown, foreseen or unforeseen, disclosed or undisclosed, presently asserted or otherwise, based on the same transactions or occurrences that are set forth in the First Amended Complaint, ECF No. 18.

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL - 5

14.     This Agreement does not constitute, and shall not be construed as, an admission or concession on the part of any party with respect to any fact, claim, or defense in this action. This Agreement shall have no precedential value and will not be used as evidence of such in any pending or future civil or administrative action against Defendants, or the United States, or any agency or instrumentality of the United States. Defendants do not waive any defenses they may have concerning the claims settled under this Agreement.

15.     No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

16.     This Agreement contains all of the agreements between Plaintiff and Defendants and is intended to be the final and sole agreement between them. Plaintiff and Defendants agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

17.     The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

18.     This Agreement becomes effective on the date the Court issues the Order referenced in Paragraph 10 above.

Respectfully submitted this 19th day of October 2021,

s/ Oliver J.H. Stiefel
Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL - 6

(503) 525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorneys for Plaintiff*


TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Krystal-Rose Perez*
KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Trial Attorney
Natural Resources Section
PO Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238
Fax: (202) 305-0506
krystal-rose.perez@usdoj.gov

*Attorney for Defendants*

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL - 7